# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR JOHN GRAVES,<br><br>Plaintiff,<br><br>v.<br><br>JOHN PRESTRIDGE, ET AL.,<br><br>Defendants. | CASE NO. 1:18-cv-001274-DAD-SKO<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>(Doc. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

## I. INTRODUCTION

### A. Background

Plaintiff Arthur John Graves ("Plaintiff") is an inmate in the custody of the Fresno County Jail in Fresno, California. On September 17, 2018, Plaintiff filed a civil complaint against "Officer Franks" with the Fresno Police Department, Jarred Zapata with Central California Private Security, and John Prestridge and Jessica Prestridge, both with American Representative Payee Service (collectively "Defendants"). (Doc. 1 ("Compl.").) Plaintiff is proceeding *in forma pauperis* and pro se. (*See* Docs. 2, 3.) Plaintiff's complaint is now before the Court for screening. For the reasons set forth below, Plaintiff's complaint is dismissed with prejudice and with leave to amend.

### B. Screening Requirement and Standard

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief

may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

The Court's screening of the Complaint under 28 U.S.C. § 1915(e)(2) is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g.*, *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**C. Pleading Requirements**

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). Moreover, since Plaintiff is appearing *pro se*, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. *See Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555 (internal citations omitted); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal citations omitted).

## II. DISCUSSION

### A. Plaintiff's Allegations

Plaintiff's complaint includes three claims against Defendants. Plaintiff articulates the three claims as follows: 1) "False imprisonment, false statements to get arrest warrant issued," 2) "lied on twisted facts to get a parol [sic] hold and warrant issued," and 3) "John Prestridge and Jessica Prestridge falsefied [sic] a statement to Officer Franks." (Compl. at 3–5.) With respect to Plaintiff's first claim, Plaintiff asserts that a "security officer," which the Court construes as referring to Defendant Zapata,[1] harassed an individual named Magdelena Ornelas, and made false statements to Defendant Franks regarding "us" sleeping in a vehicle, which the Court construes as referring to Ms. Ornelas and Plaintiff.[2] (*Id.* at 3.) According to Plaintiff, when Defendant Franks found out Plaintiff was on parole and allegedly in possession of a firearm, Defendant Franks lied to obtain a parole hold, and "issued a violation." (*Id.*) The parole hold was ultimately lifted and the "violation" dropped, but Plaintiff alleges "all they had to do was have parol [sic] call me, I would've confirmed I had a bb pistol." (*Id.*) Plaintiff also adds that Defendant Franks lied about the arrest and "used

---

[1] As Defendant Zapata is the only defendant that is a security officer, the Court presumes this allegation refers to Defendant Zapata.

[2] Plaintiff alleges the security officer "made false statements about *us* sleeping in a vehicle" (emphasis added) before Plaintiff names any individuals other than Defendants Zapata and Franks. As the subsequent clause in Plaintiff's complaint refers to Ms. Ornelas, the Court presumes the "us" in Plaintiff's complaint refers to Plaintiff and Ms. Ornelas.

3

1  excessive force."[3] (*Id.*) According to Plaintiff, he was kneed in the back and slammed to the
2  sidewalk. (*Id.*)

3  With respect to Plaintiff's second claim, Plaintiff alleges that he complied with all police
4  orders after he went back in the hotel for his shoes and shirt, but he was kneed in the back while he
5  was on his knees with his hands on top of his head. (Compl. at 4.) Plaintiff further alleges that
6  Defendant Franks asked Plaintiff if he had a gun or someone else's gun, and Plaintiff responded that
7  there was a "bb gun" in Ornelas' luggage in the back of a jeep.[4] (*Id.*)

8  Finally, on Plaintiff's third claim,[5] Plaintiff alleges that American Representative Payee
9  Service was investigated ten years ago for embezzlement of social security funds. (Compl. at 5.)
10 On May 14, 2018, Plaintiff "went to see the man who steals from disabled people," which
11 presumably refers to Defendant John Prestridge, who Defendant alleges is the owner of American
12 Representative Payee Service. (*Id.*) According to Plaintiff, Defendant Prestridge called him a curse
13 word and threatened him with a gun, which caused Plaintiff emotional distress and further caused
14 Plaintiff to be away from his life-partner and job. (*Id.*)

15 Plaintiff seeks an order reprimanding Defendant Franks for using excessive force and
16 falsifying a police report, and would like Defendants John and Jessica Prestridge "put in jail."
17 (Compl. at 6.) Plaintiff also seeks $50,000 in monetary damages. (*Id.*) No relief is specified with
18 respect to Defendant Zapata.

**B.    Jurisdiction**

**1.    Legal Standard**

21 Federal courts have no power to consider claims for which they lack subject-matter
22 jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see also Vacek v.*

---

[3] Plaintiff's allegation of excessive force is included in his first claim, which Plaintiff titles "False imprisonment, false statements to get arrest warrant issued." (Compl. at 3.) While Plaintiff does not include a separate claim for excessive force and the facts supporting a potential claim for excessive force can be found in both Claims 1 and 2, the Court construes Plaintiff's complaint as setting forth a claim for excessive force and addresses the deficiencies in such a claim below (*see* Section II.C.2.i).

[4] Plaintiff failed to fill in any information related to his injuries or exhaustion of administrative remedies with respect to Claim 2. (*See* Compl. at 4.)

[5] Plaintiff's third claim is titled "John Prestridge and Jessica Prestridge falsefied [sic] a statement to Officer Franks," but the supporting facts include no allegations regarding any statements made by Defendants John and Jessica Prestridge to Defendant Franks.

4

*United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Subject matter jurisdiction is determined and must exist at the time the complaint is filed. *See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization,* 858 F.2d 1376, 1380 (9th Cir. 1988) (looking to original complaint, and not amended complaint, for subject matter jurisdiction).

District courts have jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (modification in original) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1091 (9th Cir. 2009). This Court has an independent duty to consider its own subject-matter jurisdiction, whether or not the issue is raised by the parties, (*id.*) and must dismiss an action over which it lacks jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction."). The burden is on the federal plaintiff to allege facts establishing that jurisdiction exists to hear his or her claims. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) ("The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists.").

**2. Analysis**

Here, instead of identifying a specific federal statue giving rise to his claims, Plaintiff alleges this Court has jurisdiction over his case pursuant to "Eastern Dist. Of California." (Compl. at 1.) This is not a basis for the Court's subject matter jurisdiction, and thus Plaintiff's jurisdictional statement is fatally flawed. While Plaintiff has sufficiently established venue is proper in the U.S. District Court for the Eastern District of California because the alleged violation occurred in Fresno, California, Plaintiff has the burden to separately establish that the Court has jurisdiction to decide

his case.

To provide Plaintiff with as much guidance as possible should he decide to amend his complaint, the Court attempts to discern a basis for its jurisdiction below. However, on this basis alone, Plaintiff's complaint is deficient and is therefore, DISMISSED without prejudice and with leave to amend.

### C. 28 U.S.C. § 1983

#### 1. Legal Standard

To the extent Plaintiff alleges his Constitutional rights were violated, 42 U.S.C. § 1983 ("Section 1983") provides "a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (plurality) (1994). Thus, an individual may bring an action for the deprivation of civil rights pursuant to Section 1983, which states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. A plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

#### 2. Analysis

##### a. *Defendant Franks*

As best the Court can tell, Plaintiff's complaint attempts to state claims against Defendant Franks for excessive force and unlawful arrest. However, Plaintiff has failed to allege adequate facts to support of either of these claims.

###### i. Excessive Force

Claims asserting officers used excessive force during the course of an investigatory stop, or other seizure are analyzed under the Fourth Amendment's prohibition against unreasonable seizures. *Graham v. Connor*, 490 U.S. 386, 394 (1989). To prevail on a § 1983 excessive force claim, a

plaintiff must show that the officer's actions were objectively unreasonable under the circumstances. *Id.* at 388. Officers may only use such force as is objectively reasonable under the circumstances, without regard to the officer's underlying intent or motivation. *Id.* at 397; *see also Jackson v. City of Bremerton*, 268 F.3d 646, 651 (9th Cir. 2001).

To determine whether the force used was reasonable, courts balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (citations omitted); *Billington v. Smith*, 292 F.3d 1177, 1184 (9th Cir. 2002). In evaluating the "nature and quality of the intrusion," courts consider "the type and amount of force inflicted" in arresting the plaintiff. *Jackson v. City of Bremerton*, 268 F.3d 646, 651–52 (9th Cir. 2001); *Chew v. Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994).

In considering the government's interests, courts consider the "severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396 (citing *Tennessee v. Garner*, 471 U.S. 1, 8–9 (1985)). "A police officer may not seize an unarmed, nondangerous suspect by shooting him dead," but if "there is probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others, it is not constitutionally unreasonable to prevent escape by using deadly force." *Tennessee*, 471 U.S. at 11.

Although Plaintiff does not specifically allege a claim against Defendant Franks for excessive force,[6] the supporting facts for the claims collectively suggest Plaintiff intended to bring a claim for excessive force against Defendant Franks. Additionally, while Plaintiff's supporting facts allege that Defendant Franks "used excessive force," Plaintiff has not identified the Fourth Amendment as the precise constitutional violation charged in his complaint. The Court will provide Plaintiff with the opportunity to file an amended complaint curing this deficiency by specifically including a claim for excessive force under the Fourth Amendment, if Plaintiff seeks to bring such a claim against Defendant Franks.

---

[6] The three claims Plaintiff brings are as follows: 1) "False imprisonment, false statements to get arrest warrant issued," 2) "lied on twisted facts to get a parol [sic] hold and warrant issued," and 3) "John Prestridge and Jessica Prestridge falsefied [sic] a statement to Officer Franks." (Compl. at 3–5.)

7

To the extent Plaintiff wishes to proceed with an excessive force claim under Section 1983 against Defendant Franks for violation of Plaintiff's Fourth Amendment rights, Plaintiff must allege that Defendant Franks' use of force was objectively unreasonable in light of the facts and circumstances confronting Defendant Franks, without regard to Defendant Franks' underlying intent or motivation. *See Graham*, 490 U.S. at 397. Other than Plaintiff's conclusory allegation that Defendant Franks used excessive force, Plaintiff has only alleged limited facts regarding the circumstances surrounding Defendant Franks' use of force. Specifically, Plaintiff only alleges that he "was kneed in the back while on knees w/ hands on top of head" and "slamed [sic] in to the side walk." (Compl. at 3.) However, Plaintiff does not allege that it was Defendant Franks who "kneed" Plaintiff in the back or slammed Plaintiff into the sidewalk or whether Plaintiff was injured by this use of force. Moreover, Plaintiff does not allege how he came to be on his knees, why Plaintiff's hands were on top of his head, when or where this incident occurred, how Defendant Franks "found out [Plaintiff] was on parol [sic] and allegedly in poss[ession] of a firearm," or any other circumstances that would give some factual context to the allegation that Defendant Franks "used excessive force."

Additionally, Plaintiff has failed to allege any facts setting forth the circumstances surrounding the alleged arrest, including any facts showing that Defendant Franks was neither provoked nor justified in his actions. Plaintiff's failure to specifically articulate the circumstances of the arrest is of notable importance in light of the Supreme Court's determination in *Graham* that the "reasonableness" inquiry in an excessive force case is an "objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Graham*, 490 U.S. at 397 (citing *Scott v. United States*, 436 U.S. 128, 137–39 (1978)). Without allegations regarding those "facts and circumstances," the Court has no basis on which to conduct an "objective reasonableness" inquiry.

For the foregoing reasons, the Court finds that Plaintiff has not pled facts sufficient to state a violation of his Fourth Amendment rights based on excessive force. Therefore, the Court will dismiss the complaint with leave to amend. Should Plaintiff seek to file a claim for excessive force against Defendant Franks, Plaintiff should state a separate claim for excessive force that specifies

8

the actual conduct that made the officer's use of force excessive and unreasonable under the Fourth Amendment.

### ii. Unlawful Arrest

The Fourth Amendment prohibits arrests without probable cause or other justification, and provides: "The right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing . . . the persons or things to be seized." U.S. Constitution, amend. IV. A claim for unlawful arrest is cognizable when the arrest is alleged to have been made without probable cause. *Dubner v. City & County of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001). "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1023 (9th Cir. 2009) (quoting *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007)).

Here, it appears Plaintiff is attempting to make a claim for an unlawful arrest, but the facts pleaded by Plaintiff are incomplete and wholly insufficient. Plaintiff alleges that "Officer Franks lied about arrest." (Compl. at 3.) Without specifying who lied or made false statements, Plaintiff's complaint includes the phrases "false statements to get arrest warrant issued" and "twisted facts to get a parol [sic] hold and warrant issued."[7] (*Id.* at 3–4.) Together, these statements suggest Plaintiff seeks to state a claim for an unlawful arrest. However, Plaintiff's complaint only contains a single allegation of a specific false statement, which is that Defendant Zapata made a false statement about

---

[7] While Plaintiff's complaint contains multiple references to false statements and lies in the context of an arrest warrant, it only once references "twisted facts" used to obtain a parole hold. "A parole hold authorizes the detention of a parolee charged with an alleged parole violation pending a parole revocation hearing." *Valdivia v. Davis*, 206 F. Supp. 2d 1068, 1070 (E.D. Cal. 2002). "California law vests the authority to place a parole hold, and set[] the constraints upon imposing such a hold, on '[t]he parole authority' and 'parole agent[s].'" *Turner v. Craig*, No. C 09-03652 SI, 2011 WL 2600648, at *8 (N.D. Cal. June 30, 2011) (citing 15 CCR § 2600, Cal. Penal Code § 3060). To obtain a parole hold, "there must be probable cause to believe that the parolee violated parole." *Id.* (citing 15 CCR § 2600). Thus, if Defendant Franks "'deliberately or recklessly' misled the parole authority into believing erroneously that probable cause existed, and this caused the parole authority to approve the parole hold, then plaintiff has established a violation of his constitutional rights." *Id.* at 9 (quoting *Galen v. County of Los Angeles*, 477 F.3d 652, 663 (9th Cir. 2007)). Accordingly, to the extent Plaintiff intends to make a separate claim for violation of his constitutional rights related to the parole hold, he must allege facts demonstrating that his parole officer was "deliberately or recklessly" misled into believing probable cause existed that Plaintiff violated his parole.

9

Plaintiff and another individual sleeping in a vehicle. Plaintiff's complaint fails to explain whether this statement, which Plaintiff does not even allege was made by Defendant Franks, was used to obtain an arrest warrant or any other details regarding the arrest warrant. Moreover, Plaintiff's complaint contains no alleged facts from which the court could discern whether probable cause exists. Plaintiff's complaint does not allege where or when he was arrested, what crime he allegedly committed, or how Defendant Franks learned that Plaintiff may have committed a crime. Most importantly though, the complaint does not allege what false statements Defendant Franks made in support of the arrest warrant.

Accordingly, Plaintiff's complaint is dismissed with leave to amend. Should Plaintiff seek to file a claim for false arrest against Defendant Franks based on a false arrest, Plaintiff should state a separate claim for false arrest and set forth facts to support his allegation that Defendant Franks did not have probable cause to arrest Plaintiff.

### *b. Defendants Zapata and John and Jessica Prestridge*

For Plaintiff to state a valid Section 1983 claim, Plaintiff must allege facts indicating that the relevant defendants acted under the color of state law. *Gritchen v. Collier*, 254 F.3d 807, 812 (9th Cir. 2001). A defendant has acted under the color of state law when he or she has "exercised power 'possessed by virtue of state law and made possibly only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Private citizens are not generally liable under Section 1983 because they do not act under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991). An exception can be made if the private citizen conspires with a state actor or is jointly engaged with a state actor who undertakes prohibited conduct. *Tower v. Glover*, 467 U.S. 914, 920 (1984).

Here, Defendants Zapata, and John and Jessica Prestridge, all appear to be private citizens. Plaintiff's alleges Defendant Zapata is a security officer with "Central Calif. Private Security," Defendant John Prestridge is the owner of American Representative Payee Service, and Defendant Jessica Prestridge is John Prestridge's daughter. (Compl. at 2.) Plaintiff's complaint includes no allegations that any of these defendants acted under color of state law in any capacity. Plaintiff's

complaint simply alleges that Defendant Zapata made false statements about Plaintiff and another individual sleeping in a vehicle. (Compl. at 3.) The complaint further alleges that Defendants John and Jessica Prestridge falsified a statement to Defendant Franks. However, the complaint provides no information regarding the substance of Defendants John and Jessica Prestridge's statements or whether Defendant Franks relied on those statements when he arrested Plaintiff.

While it does not appear Defendants Zapata, and John and Jessica Prestridge, acted under the color of state law, out of an abundance of caution, the Court will grant Plaintiff leave to amend his allegations against these defendants. Plaintiff is cautioned that "merely complaining to the police does not convert a private party into a state actor," and "execution by a private party of a sworn complaint which forms the basis of an arrest" is not enough to convert the private party's acts into state action. *Collins v. Womancare*, 878 F.2d 1145, 1155 (9th Cir. 1989); *see also Arnold v. Int'l. Bus. Machines Corp.*, 637 F.2d 1350, 1357–1358 (9th Cir.1981) ("[A] person who supplies inaccurate information that leads to an arrest is not involved in joint activity with the state and, thus, not liable under section 1983[.]"). Plaintiff is further advised that false reports made to a police officer, even those made in bad faith, do not provide any basis for a civil action against defendants under state law. *Hodges v. Holiday Inn Select*, No. CVF–07–615 OWW/TAG, 2008 WL 149139, at *5 (E.D. Cal. Jan. 14, 2008) (California Civil Code Section 47(b) "bars a civil action for damages based on statements made in any judicial proceeding, in any official proceeding authorized by law, or in the initiation or course of any mandate-reviewable proceedings authorized by law. . . . Section 47(b) establishes an absolute privilege for such statements and bars all tort causes of action based on them except a cause of action for malicious prosecution." (citing *Hagberg v. California Federal Bank*, 32 Cal.4th 350, 360 (2004)).)

### D. State Law Claims

The Court may exercise supplemental jurisdiction over state law claims in any civil action in which it has original jurisdiction, if the state law claims form part of the same case or controversy. 28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that

"if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

Because it is unclear whether Plaintiff may proceed on any federal claims, the Court cannot presently exercise supplemental jurisdiction over his state law claim. 28 U.S.C. § 1367(a); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001). The Court will provide Plaintiff with the legal standards applicable to what appear to be his intended claims, in the event he chooses to amend.

### 1. False Imprisonment[8]

Under California law, false imprisonment is the "'unlawful violation of the personal liberty of another.'" *Martinez v. City of Los Angeles*, 141 F.3d 1373, 1379 (9th Cir. 1998) (quoting *Asgari v. City of Los Angeles*, 15 Cal.4th 744, 757 (1997)). "There are two bases for claiming false imprisonment: imprisonment pursuant to a false arrest and unreasonable delay in bringing the arrested person before a judicial officer." *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999). False arrest is not a different tort. *Young v. County of Los Angeles*, 655 F.3d 1156, 1169 (9th Cir. 2011). Rather, "'it is merely one way of committing a false imprisonment.'" *Id.* (quoting *Easton v. Sutter Coast Hospital*, 80 Cal. App. 4th 485, 496 (2000)). The elements "'of false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief.'" *Id.*

### 2. Intentional Infliction of Emotional Distress[9]

Under California law, the elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the

---

[8] Plaintiff's complaint contains a single reference to "false imprisonment." (Compl. at 3.) However, it is unclear whether Plaintiff intends to bring a claim that is distinct from a Section 1983 false arrest claim under the Fourth Amendment. The Court will provide Plaintiff with the legal standard applicable to this claim, in the event he elects to amend his complaint.

[9] Plaintiff's complaint does not include a specific claim for emotional distress. However, Plaintiff generally alleges that Defendants John and Jessica Prestridge caused him emotional distress. To the extent Plaintiff wishes to bring a separate claim for intentional infliction of emotional distress, the standard is provided here. However, Plaintiff is cautioned that intentional infliction of emotional distress is a separate state law claim and Plaintiff must show this claim is part of the same case or controversy as his federal claims.

defendant's outrageous conduct. *Corales v. Bennett*, 567 F.3d 554, 571 (9th Cir. 2009). Conduct is outrageous if it is so extreme as to exceed all bounds of that usually tolerated in a civilized community. *Id.* In addition to the requirement that the conduct be intentional and outrageous, the conduct must have been directed at Plaintiff or occur in the presence of Plaintiff of whom Defendants were aware. *Simo v. Union of Needletrades, Industrial & Textile Employees*, 322 F.3d 602, 622 (9th Cir. 2003).

### III. CONCLUSION AND ORDER

As noted above, the Court will provide Plaintiff with an opportunity to amend his claims and cure, to the extent possible, the identified deficiencies. *Lopez*, 203 F.3d at 1130. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendants did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678–79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citations omitted). Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Rule 220, Local Rules of the United States District Court, Eastern District of California.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint (Doc. 1) is dismissed for failure to state a cognizable federal claim;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

///
///
///
///

13

3. **If Plaintiff fails to file an amended complaint in compliance with this order, the undersigned will recommend to the assigned district judge that this action be dismissed for failure to state a claim and to obey a court order**.

IT IS SO ORDERED.

Dated: __**November 6, 2018**__             /s/ *Sheila K. Oberto*
                                                             UNITED STATES MAGISTRATE JUDGE