# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR JOHN GRAVES,<br><br>Plaintiff,<br><br>v.<br><br>JOHN PRESTRIDGE, et al.,<br><br>Defendants. | CASE NO. 1:18-cv-001274-DAD-SKO<br><br>**ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>(Doc. 5)<br><br>**THIRTY (30) DAY DEADLINE** |

## I. INTRODUCTION

**A. Background**

Plaintiff Arthur John Graves ("Plaintiff") is an inmate in the custody of the Fresno County Jail in Fresno, California. On September 17, 2018, Plaintiff filed a civil complaint against "Officer Franks" with the Fresno Police Department ("Defendant Franks"), Jarred Zapata with Central California Private Security, and John Prestridge and Jessica Prestridge, both with American Representative Payee Service. (Doc. 1.) Plaintiff is proceeding *in forma pauperis* and pro se. (*See* Docs. 2, 3.)

On November 7, 2018, the undersigned found that Plaintiff's complaint failed to state a cognizable federal claim. (Doc. 4.) Plaintiff was provided with the applicable legal standards so he could determine if he would like to pursue his case, and was granted thirty (30) days leave to file an amended complaint curing the pleading deficiencies identified in the order. (*Id.*) On November 27, 2018, Plaintiff filed a First Amended Complaint alleging claims of excessive force and unlawful arrest pursuant to 42 U.S.C. § 1983 ("Section 1983"). (Doc. 5 ("Amended Complaint" or "Am. Compl.").) Plaintiff's Amended Complaint is now before the Court for screening. For the reasons set forth below, Plaintiff's Amended Complaint is dismissed without prejudice and with leave to amend.

### B. Screening Requirement and Standard

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

The Court's screening of the complaint under 28 U.S.C. § 1915(e)(2) is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g.*, *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### C. Pleading Requirements

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P.

8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). Moreover, since Plaintiff is appearing *pro se*, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. *See Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555 (internal citations omitted); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal citations omitted).

## II. DISCUSSION

### A. Plaintiff's Allegations

Plaintiff's Amended Complaint includes two claims against Defendant Franks.[1] First, Plaintiff asserts that Defendant Franks used excessive force against Plaintiff when Defendant Franks

---

[1] The Amended Complaint states two claims against Defendant Franks, which are identified as Claims I and III. The page in the Amended Complaint for Claim II does not state a claim against any defendant, but states Plaintiff dismisses all allegations against Defendants Zapata, and John and Jessica Prestridge. (Am. Compl. at 4.)

3

grabbed Plaintiff and body slammed him to the ground without any provocation. (Am. Compl. at 3.) Plaintiff alleges this was unreasonable because Plaintiff had not broken any laws and was not acting in an aggressive or dangerous manner. (*Id.*) According to Plaintiff, when Plaintiff requested an explanation for Defendant Franks' actions, Defendant Franks ignored him and "started violently kneeing Plaintiff in the back several times, and chocking [sic] Plaintiff without any legal or valid reason." (*Id.*) Plaintiff asserts that he still did not become aggressive, but told Defendant Franks that he would cooperate with any instructions and Defendant Franks did not need to be violent. (*Id.*) However, Defendant Franks continued to ignore Plaintiff and knee Plaintiff in the back, while Plaintiff was on his knees with his hands above his head. (*Id.*) As a result of Defendant Franks' actions, Plaintiff contends he has recurring back and knees pains, and "now has bad dreams of getting assaulted by police" as well as a general fear of all law enforcement. (*Id.*)

Second, Plaintiff brings a claim against Defendant Franks for an unlawful arrest. (*Id.* at 5.) Plaintiff alleges Defendant Franks was familiar with Plaintiff and knew Plaintiff was on parole, and when Defendant Franks saw Plaintiff while Defendant Franks was on a normal patrol, he got out of his car for no reason and "charged at Plaintiff." (*Id.*) Plaintiff contends he was in a "peaceful, non-aggressive state" and Defendant Franks wanted to know if Plaintiff was armed. (*Id.*) Plaintiff alleges that he responded he was not armed, and Defendant Franks proceeded to assault him as described in his first claim for excessive force. (*Id.*) After Defendant Franks searched Plaintiff and determined he was not armed, Plaintiff alleges he told Defendant Franks that he intended to report Defendant Franks' actions. (*Id.*) Plaintiff further alleges that Defendant Franks then "deliberately lied and said Plaintiff had a gun on him to get a parole hold put on Plaintiff by parole authorities" and "to stop Plaintiff from making a claim of excessive force against Officer Franks." (*Id.*) Plaintiff contends he was arrested, and after a brief investigation, "the parole authorities did not find any merrit [sic] to Officer Franks' false allegation in retaliation to Plaintiff[']s potential complaint, and dropped the parole hold." (*Id.*) As a result of Defendant Franks' actions, Plaintiff contends he lost his job and his "place to stay," and was publicly humiliated. (*Id.*)

Plaintiff seeks $100,000 in monetary damages for both claims. (*Id.* at 6.)

4

**B.     28 U.S.C. § 1983**

    **1.     Legal Standard**

Section 1983 provides "a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (plurality) (1994). Thus, an individual may bring an action for the deprivation of civil rights pursuant to Section 1983, which states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. A plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

    **2.     Analysis**

Plaintiff's Amended Complaint alleges claims against Defendant Franks for excessive force and unlawful arrest. However, Plaintiff has failed to allege adequate facts to support either of these claims.

    *a. Excessive Force*

Claims asserting officers used excessive force during the course of an investigatory stop, or other seizure are analyzed under the Fourth Amendment's prohibition against unreasonable seizures. *Graham v. Connor*, 490 U.S. 386, 394 (1989). To prevail on a § 1983 excessive force claim, a plaintiff must show that the officer's actions were objectively unreasonable under the circumstances. *Id.* at 388. Officers may only use such force as is objectively reasonable under the circumstances, without regard to the officer's underlying intent or motivation. *Id.* at 397; *see also Jackson v. City of Bremerton*, 268 F.3d 646, 651 (9th Cir. 2001).

To determine whether the force used was reasonable, courts balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (citations omitted); *Billington v. Smith*,

292 F.3d 1177, 1184 (9th Cir. 2002). In evaluating the "nature and quality of the intrusion," courts consider "the type and amount of force inflicted" in arresting the plaintiff. *Jackson v. City of Bremerton*, 268 F.3d 646, 651–52 (9th Cir. 2001); *Chew v. Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994). In considering the government's interests, courts consider the "severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396 (citing *Tennessee v. Garner*, 471 U.S. 1, 8–9 (1985)). "A police officer may not seize an unarmed, nondangerous suspect by shooting him dead," but if "there is probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others, it is not constitutionally unreasonable to prevent escape by using deadly force." *Tennessee*, 471 U.S. at 11.

Although Plaintiff's Amended Complaint alleges facts that support a claim of excessive force, the Amended Complaint remains deficient for several reasons. First, Plaintiff left blank the portion of the Amended Complaint where he is required to state "the constitutional or other federal civil right that was violated." (Am. Compl. at 3.) Any action brought pursuant to Section 1983 must allege the specific federal right allegedly violated. *West*, 487 U.S. at 48 ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States . . ."). As the Court instructed Plaintiff in its previous order dismissing his complaint, "while Plaintiff's supporting facts allege that Defendant Franks 'used excessive force,' Plaintiff has not identified the Fourth Amendment as the precise constitutional violation charged in his complaint." (Doc. 4 at 7.) Accordingly, to the extent Plaintiff alleges Defendant Franks violated Plaintiff's right under the Fourth Amendment to be free from excessive force, Plaintiff must complete each line of the complaint form including identification of the Fourth Amendment as the federally-protected right allegedly violated.

Second, Plaintiff fails to include any specific temporal context for his allegations. Section 1983 does not contain a specific statute of limitations, but "federal courts 'apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law.'" *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014) (quoting *Canatella*

*v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007). Federal civil rights claims are best characterized as personal injury actions, which are subject to California's two-year statute of limitations along with any applicable tolling while the plaintiff is incarcerated. *Thompson v. City of Shasta Lake*, 314 F. Supp. 2d 1017, 1023 (E.D. Cal. 2004) ("[T]he Ninth Circuit has repeatedly held that the applicable limitations period for § 1983 actions is contained in the general personal injury statute."); *Garrison v. Bautista*, No. 2:13–cv–0479–JAM–KJN, 2015 WL 9268691, at *1 (E.D. Cal. Dec. 21, 2015) ("Under California law, as of January 1, 2003, the generally-applicable statute of limitations in personal injury actions is two years." (citing Cal. Code Civ. Proc. § 335.1)); *Miller v. Ghilarducci*, No. 1:17–cv–00448–SKO, 2017 WL 4699951, at *8 (E.D. Cal. Oct. 19, 2017) ("The two-year statute of limitations period is tolled for two years if the plaintiff is a prisoner serving a term of less than life which gives such prisoners effectively four years to file a federal suit." (citing Cal. Code Civ. Proc. § 352.1(a))). Here, Plaintiff fails to allege even the slightest indication of when the alleged events occurred. Accordingly, the Court has no basis from which to determine if Plaintiff's claims are outside the applicable statute of limitations, and Plaintiff will be granted to leave to amend to allege the relevant dates.

Finally, Plaintiff's Amended Complaint is internally inconsistent. For example, Plaintiff's Claim I for excessive force alleges Defendant Franks confronted Plaintiff and slammed Plaintiff to the ground. (Am. Compl. at 3.) Plaintiff further alleges that he tried to ask Defendant Franks why Defendant Franks was treating him in this manner, but Defendant Franks ignored him and proceeded to violently knee him in the back. (*Id.*) On the other hand, Plaintiff's Claim III for unlawful arrest alleges Defendant Franks recognized Plaintiff while on patrol and asked Plaintiff if he was armed. (Am. Compl. at 5.) Thus, in one claim Plaintiff alleges Defendant Franks body slammed him and ignored his requests for an explanation, while the other claim alleges Defendant Franks initially inquired as to whether Plaintiff was armed. Accordingly, Plaintiff's Amended Complaint is dismissed with leave to amend to allege facts that are internally consistent and collectively support Plaintiff's claims. *Alston v. Cty. of Sacramento*, No. CIV S-11-2281 GEB, 2012 WL 2839825, at *13 (E.D. Cal. July 10, 2012) (dismissing a claim for conspiracy with leave to amend where the allegations in the complaint were conclusory and internally inconsistent); *Jin Hee Park v.*

*CitiMortgage, Inc.*, No. CV1406043ABAGRX, 2014 WL 12589669, at *6 (C.D. Cal. Nov. 3, 2014) (dismissing complaint and granting leave to amend to correct internal inconsistencies in the complaint); *Gens v. Wachovia Mortg. Corp.*, No. 10-CV-01073-LHK, 2011 WL 1791601, at *5 (N.D. Cal. May 10, 2011), *aff'd*, 503 Fed. Appx. 533 (9th Cir. 2013) (dismissing the plaintiff's third amended complaint without leave to amend where "the allegation remain[ed] internally inconsistent, conclusory, and insufficient to state a claim").

In sum, Plaintiff's Claim I for excessive force fails to identify the specific constitutional right Defendant Franks violated, fails to allege when Defendant Franks allegedly violated Plaintiff's rights, and is internally inconsistent. Therefore, Plaintiff has not stated a cognizable claim for excessive force under Section 1983 against Defendant Franks and the Court dismisses Plaintiff's Amended Complaint with leave to amend to correct these deficiencies.

### b. *Unlawful Arrest*

The Fourth Amendment prohibits arrests without probable cause or other justification, and provides: "The right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing . . . the persons or things to be seized." U.S. Constitution, amend. IV. A claim for unlawful arrest is cognizable when the arrest is alleged to have been made without probable cause. *Dubner v. City & County of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001).

"Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007). "While conclusive evidence of guilt is of course not necessary under this standard to establish probable cause, '[m]ere suspicion, common rumor, or even strong reason to suspect are not enough.'" *United States v. Lopez*, 482 F.3d at 1072 (quoting *McKenzie v. Lamb*, 738 F.2d 1005, 1008 (9th Cir. 1984)). In the context of a parole hold, a police officer violates an individual's constitutional rights if the officer "'deliberately or recklessly'" misleads the parole agent "into believing erroneously that probable cause existed, and this caused the [parole agent] to approve the

8

parole hold[.]" *Turner v. Craig*, No. C 09-03652 SI, 2011 WL 2600648, at *9 (N.D. Cal. June 30, 2011) (quoting *Galen v. County of Los Angeles*, 477 F.3d 652, 663 (9th Cir. 2007)).

"A parole hold authorizes the detention of a parolee charged with an alleged parole violation pending a parole revocation hearing." *Valdivia v. Davis*, 206 F. Supp. 2d 1068, 1070 (E.D. Cal. 2002); Cal. Code Regs. tit. 15, § 3000 (defining "parole hold" as "authorization by a departmental employee to hold a parolee in custody pursuant to section 3056 of the Penal Code"); *see also People v. Holdsworth*, 199 Cal.App.3d 253, 261 (1988) (A "parole hold is a temporary measure to restrain a parolee suspected of violating parole."). For purposes of a parole hold, the term "hold" means, "to retain an inmate or parolee, who is under the Secretary [of the California Department of Corrections and Rehabilitation's ("CDCR")] jurisdiction, in custody at an institution or a local detention facility in response to the legal request of a law enforcement or correctional agency representative." Cal. Code Regs. tit. 15, § 3000.

Under California law, "if any parole agent or peace officer has probable cause to believe that the parolee is violating any term or condition of his or her parole, the agent or officer may, without warrant or other process and at any time until the final disposition of the case, arrest the person and bring him or her before the court." Cal. Penal Code § 3000.08(c). In other words, if a parole agent or peace officer "suspects a parolee of having violated the terms and conditions of parole, [he or she] may . . . [r]eturn the parolee to custody without a warrant (i.e., place a 'parole hold' on the parolee)." *Valdivia v. Brown*, 956 F. Supp. 2d 1125, 1131 (E.D. Cal. 2013); *see also* Cal. Code Regs. tit. 15, § 3750(a) ("If the parole agent has probable cause, as described in Section 3753, to believe the parolee has violated conditions of parole or of the law, the parole agent may arrest the parolee without a warrant at any time during the period of parole supervision.").

"Once a parolee is in custody, [CDCR's Division of Adult Parole Operations] determines whether there is probable cause to believe 'that [he or she] has committed a violation of law or violated his or her conditions of parole.'" *Valdivia*, 956 F. Supp. 2d at 1131 (quoting Cal. Penal Code § 3000.08(d)); *see also* Cal. Code Regs. tit. 15, § 3753(a) ("As soon as possible, but no later than close of the next business day, upon discovery of a known violation of parole and the placement of a parole hold, the parole agent shall conduct a case conference with the parole unit supervisor to

9

present the facts and circumstances of the parolee behavior to determine whether there is probable cause to retain the parole hold.").

In sum, to properly allege a claim for unlawful arrest against Defendant Franks, Plaintiff must allege that 1) Defendant Franks "deliberately or recklessly" misled the parole agent to believe there was probable cause that Plaintiff violated his parole, and 2) Defendant Franks' statement caused the parole agent to take Plaintiff into custody at an institution or a local detention facility (i.e., place a parole hold on Plaintiff).

Here, while Plaintiff adequately alleges the first element of an unlawful arrest based on a parole hold, Plaintiff's claim for unlawful arrest is deficient because it fails to include critical facts regarding his arrest. On the first element, Plaintiff's allegations suggest Defendant Franks "deliberately or recklessly" misled parole authorities to believe Plaintiff violated his parole. Specifically, Plaintiff alleges Defendant Franks searched Plaintiff and found no gun, but "lied and said Plaintiff had a gun on him to get a parole hold." On the second element, Plaintiff alleges he "was arrested on Officer Franks' false claim" and "after a brief investigation, the parole authorities did not find any merrit [sic] to Officer Franks' false allegation . . . and dropped the parole hold." It is unclear from Plaintiff's complaint, however, to whom Defendant Franks lied and who "arrested" Plaintiff based on that lie. Further, Plaintiff fails to allege that he was taken into the custody of the CDCR at an institution or local detention facility as a result of Defendant Franks' misleading statement. Accordingly, Plaintiff has failed to allege a cognizable claim for unlawful arrest under Section 1983 against Defendant Franks.

Plaintiff's claim for unlawful arrest is also deficient for the same reasons as his claim for excessive force. Specifically, it fails to specify the Fourth Amendment as the constitutional right Defendant Franks violated, fails to allege when Plaintiff was unlawfully arrested, and is inconsistent with the facts alleged in Plaintiff's claim for excessive force. Accordingly, Plaintiff's claim against Defendant Franks for unlawful arrest is dismissed with leave to amend to correct these deficiencies.

**C.     Claims Against Defendants Zapata, and John and Jessica Prestridge**

Plaintiff's original complaint alleged claims against Defendants Zapata, and John and Jessica Prestridge. (Doc. 1 at 3, 5.) However, the Claim II page of Plaintiff's Amended

Complaint states that he "wishes to dismiss the allegation[s] against John and Jessica Prestridge, and Defendant Zapata." (Am. Compl. at 4.)

"The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice," and the dismissal "automatically terminates the action as to the defendants who are the subjects of the notice." *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). Here, the Court construes Plaintiff's statement in the Amended Complaint as a notice of dismissal of the claims against Defendants Zapata, and John and Jessica Prestridge, which was filed before any defendant served either an answer or a motion for summary judgment. As such, this case has automatically terminated as to Defendants Zapata, and John and Jessica Prestridge pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), and all claims against these defendants are dismissed without prejudice.

### D. Leave to Amend

"Rule 15(a) [of the Federal Rules of Civil Procedure] is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (quoting former version of Fed. R. Civ. P. 15(a)). *See also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir.1988). *See also Klamath–Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Plaintiff's Section 1983 claims for excessive force and unlawful arrest against Defendant Franks are not cognizable as alleged in the Amended Complaint. Both claims include inconsistent allegations, fail to identify the federally-protected right Defendant Franks allegedly violated, and fail to specify when any of the alleged events occurred. Further, his claim for unlawful arrest fails to allege critical facts regarding the circumstances of his arrest, including who took Plaintiff into custody, or whether he was taken into custody at a CDCR facility at all. However, in view of the Ninth Circuit's admonition that leave to amend should be afforded to pro se parties, *see WMX*

*Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc), the Court shall grant leave to amend.

Plaintiff is advised that an amended complaint supersedes the original complaint. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). Plaintiff's second amended complaint must be "complete in itself without reference to the prior or superseded pleading." Rule 220 of the Local Rules of the United States District Court, Eastern District of California. Once Plaintiff files a second amended complaint, the First Amended Complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). If Plaintiff fails to file a second amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the First Amended Complaint be dismissed with prejudice and without leave to amend

### III. CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Pursuant to Plaintiff's notice of dismissal (*see* Am. Compl. at 4), the Clerk of Court is directed to TERMINATE Defendants Jarred Zapata, John Prestridge, and Jessica Prestridge from the docket;
2. Plaintiff's Amended Complaint (Doc. 5), is DISMISSED without prejudice for failure to state a cognizable federal claim;
3. Within thirty (30) days from the date of service of this order, Plaintiff SHALL file a second amended complaint; and
4. **If Plaintiff fails to file a second amended complaint in compliance with this order, the undersigned will recommend to the assigned district judge that this action be dismissed for failure to state a claim and to obey a court order**.

IT IS SO ORDERED.

Dated: **January 8, 2019** /s/ *Sheila K. Oberto*

UNITED STATES MAGISTRATE JUDGE