# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR JOHN GRAVES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OFFICER FRANKS,<br><br>　　　　　Defendant. | Case No. 1:18-cv-01274-DAD-SKO<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FOR FAILURE TO STATE A CLAIM**<br><br>**(Doc. 8)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

On September 17, 2018, Plaintiff Arthur John Graves ("Plaintiff") filed a civil complaint against "Officer Franks" with the Fresno Police Department ("Defendant Franks"), Jarred Zapata with Central California Private Security, and John Prestridge and Jessica Prestridge with American Representative Payee Service. (Doc. 1.) Plaintiff also filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which was granted on September 21, 2018. (Docs. 2 & 3.) On November 7, 2018, the undersigned issued a screening order finding that Plaintiff's complaint failed to state a cognizable federal claim, and dismissed Plaintiff's complaint with leave to amend. (Doc. 4.)

On November 27, 2018, Plaintiff filed a first amended complaint alleging claims against Defendant Franks for excessive force and unlawful arrest pursuant to 42 U.S.C. § 1983, and voluntarily dismissing all claims against Defendants Zapata, and John and Jessica Prestridge. (Doc. 5.) On January 9, 2019, the undersigned issued a second screening order finding that Plaintiff's first amended complaint failed to state any cognizable claims and granted Plaintiff thirty days leave to file a second amended complaint curing the pleading deficiencies identified in the order. (Doc. 8.) Although more than the allowed time has passed, Plaintiff has failed to file a second amended complaint or otherwise respond to the Court's screening order.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. *See also* Local Rule 183(a). "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**Accordingly, Plaintiff is ORDERED to show cause, within twenty-one (21) days of the date of service of this Order, why a recommendation should not issue for this action to be dismissed for Plaintiff's failure comply with the Court's January 9, 2019 screening order, by not filing an amended complaint within the specified period of time and for failure to state a cognizable claim.** Alternatively, within that same time period, Plaintiff may file an amended complaint or a notice of voluntary dismissal. The Court CAUTIONS Plaintiff that, if he fails to take action as set forth above within twenty-one (21) days of the date of service of this order, the Court will recommend to the presiding district court judge that this action be dismissed, in its entirety.

The Court DIRECTS the Clerk to send a copy of this Order to Plaintiff at his address listed on the docket for this matter.

IT IS SO ORDERED.

Dated:  __**February 19, 2019**__          _____/s/ *Sheila K. Oberto*_____
                                             UNITED STATES MAGISTRATE JUDGE