# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR JOHN GRAVES,<br><br>  Plaintiff,<br><br>v.<br><br>OFFICER FRANKS,<br><br>  Defendant. | Case No. 1:18-cv-01274-DAD-SKO<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FOR FAILURE TO STATE A CLAIM**<br><br>**(Doc. 12)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

On November 27, 2018, Plaintiff Arthur John Graves ("Plaintiff") filed a first amended complaint alleging claims against "Officer Franks" with the Fresno Police Department for excessive force and unlawful arrest pursuant to 42 U.S.C. § 1983. (Doc. 5.) On January 9, 2019, the undersigned issued a screening order dismissing the amended complaint without prejudice and finding that the amended complaint failed to state any cognizable claims. (Doc. 8.) The Court granted Plaintiff thirty (30) days leave to file a second amended complaint curing the pleading deficiencies identified in the order. (*Id.* at 12.)

As Plaintiff did not file a second amended complaint within thirty days, on February 19, 2019, the Court issued an Order to Show Cause ("OSC") "why a recommendation should not issue for this action to be dismissed for Plaintiff's failure to comply with the Court's January 9, 2019 screening order by not filing an amended complaint within the specified period of time and for failure to state a cognizable claim." (Doc. 9.)

On March 1, 2019, Plaintiff filed a notice of address change (Doc. 10), and the Court re-served the OSC on Plaintiff at his new address on March 6, 2019. On March 21, 2019, Plaintiff filed a response to the OSC requesting more specificity regarding the dismissal of his amended

complaint. (Doc. 11.)

On April 1, 2019, in view of Plaintiff's change of address and his response to the OSC, the Court discharged the OSC and provided Plaintiff with a copy of the January 9, 2019 screening order identifying the deficiencies in the amended complaint and the applicable legal standards. (Doc. 12.) The Court also granted Plaintiff thirty (30) days leave to file a second amended complaint curing the pleading deficiencies identified in the January 9, 2019 screening order. The deadline for filing a second amended complaint has passed and to date, no second amended complaint has been filed.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. *See also* Local Rule 183(a). "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**Accordingly, Plaintiff is ORDERED to show cause, within twenty-one (21) days of the date of service of this Order, why a recommendation should not issue for this action to be dismissed for Plaintiff's failure comply with the Court's April 1, 2019 order by not filing an amended complaint within the specified period of time and for failure to state a cognizable claim.** Alternatively, within that same time period, Plaintiff may file an amended complaint or a notice of voluntary dismissal.

The Court CAUTIONS Plaintiff that, if he fails to take action as set forth above within twenty-one (21) days of the date of service of this order, the Court will recommend to the presiding district court judge that this action be dismissed, in its entirety.

| | |
|---|---|
| 1 | The Court DIRECTS the Clerk to send a copy of this Order to Plaintiff at his address listed on the docket for this matter. |
| 2 | |

IT IS SO ORDERED.

Dated: **May 8, 2019**     /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE