# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR JOHN GRAVES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>OFFICER FRANKS,<br><br>　　　　Defendant. | Case No. 1:18-cv-01274-DAD-SKO<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE, DENYING REQUEST TO APPOINT COUNSEL, AND GRANTING PLAINTIFF LAST OPPORTUNITY TO FILE SECOND AMENDED COMPLAINT**<br><br>**(Docs. 13, 14)**<br><br>**THIRTY (30) DAY DEADLINE** |

## I.　　BACKGROUND

On November 27, 2018, Plaintiff Arthur John Graves ("Plaintiff") filed a first amended complaint alleging claims against "Officer Franks" with the Fresno Police Department ("Defendant Franks") for excessive force and unlawful arrest pursuant to 42 U.S.C. § 1983 ("section 1983"). (Doc. 5.)

On January 9, 2019, the undersigned issued a screening order dismissing the amended complaint without prejudice and finding that the amended complaint failed to state any cognizable claims. (Doc. 8.) The Court found Plaintiff failed to allege a date or any temporal context for when Defendant Franks allegedly violated Plaintiff's rights, failed to complete the portion of the complaint form requiring Plaintiff to identify the specific constitutional right Defendant Franks allegedly violated, and was internally inconsistent. (*Id.* at 6–8.) The Court also found Plaintiff's unlawful arrest claim failed to allege "that he was taken into the custody of the CDCR at an institution or local detention facility" as a result of Defendant Franks' allegedly misleading statement, as required by the applicable authorities interpreting unlawful arrests in the context of a parole hold. (*Id.* at 8–10.) The Court granted Plaintiff thirty (30) days leave to file a second

1 amended complaint curing the pleading deficiencies identified in the order. (*Id.* at 12.) Plaintiff did
2 not file a second amended complaint within thirty days.

3       On February 19, 2019, the Court issued an Order to Show Cause ("OSC") "why a
4 recommendation should not issue for this action to be dismissed for Plaintiff's failure to comply
5 with the Court's January 9, 2019 screening order, by not filing an amended complaint within the
6 specified period of time and for failure to state a cognizable claim." (Doc. 9.) The OSC advised
7 Plaintiff that he could alternatively "file an amended complaint or a notice of voluntary dismissal"
8 within that same time period, and cautioned Plaintiff that failure to respond to the OSC within
9 twenty-one days of the date of service of the OSC, would result in a recommendation to the presiding
10 district court judge that this action be dismissed, in its entirety. (*Id.* at 2.)

11       On March 1, 2019, Plaintiff filed a notice of address change (Doc. 10), and the Court re-
12 served the OSC on Plaintiff at his new address on March 6, 2019. On March 21, 2019, Plaintiff
13 filed a response to the OSC stating that he "feel[s] the Federal Gov. is covering up for Fresno P.D."
14 and requesting the Court "be more specific . . . on what part of my claim is not understandable."
15 (Doc. 11.)

16       On April 1, 2019, in view of Plaintiff's change of address and his response to the OSC, the
17 Court discharged the OSC and provided Plaintiff with a copy of the January 9, 2019 screening order
18 identifying the deficiencies in the amended complaint and the applicable legal standards. (Doc. 12.)
19 The Court also granted Plaintiff thirty (30) days leave to file a second amended complaint curing
20 the pleading deficiencies identified in the January 9, 2019 screening order. Plaintiff failed to file a
21 second amended complaint by the deadline.

22       The Court issued a second OSC on May 9, 2019, requiring Plaintiff to show cause "why a
23 recommendation should not issue for this action to be dismissed for Plaintiff's failure to comply
24 with the Court's April 1, 2019 order by not filing an amended complaint within the specified period
25 of time and for failure to state a cognizable claim." (Doc. 13.) The second OSC again advised
26 Plaintiff that he could alternatively "file an amended complaint or a notice of voluntary dismissal"
27 within that same time period, and cautioned Plaintiff that failure to respond to the second OSC
28 within twenty-one days of the date of service of the OSC, would result in a recommendation to the

1 presiding district court judge that this action be dismissed, in its entirety. (*Id.* at 2.)

2 On May 20, 2019, Plaintiff filed a document directed to the "Clerk of Court," stating that his
3 "claim is simple" and requesting appointment of a "Federal Defendant" to assist with his case due
4 to his status as a "legally Disabled. Vet." (Doc. 14.)

**II.     DISCUSSION**

6 The United States Supreme Court has ruled that district courts lack authority to require
7 counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*,
8 490 296, 298 (1989). In certain exceptional circumstances, the district court may request the
9 voluntary assistance of counsel pursuant to 28 U.S.C § 1915(e)(1). *Terrell v. Brewer*, 935 F.2d
10 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990).

11 When determining whether "exceptional circumstances" exist, the court must consider
12 plaintiff's likelihood of success on the merits as well as his ability to articulate his claims pro se in
13 light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir.
14 2009). The burden of demonstrating exceptional circumstances is on the plaintiff. *Id*.

15 "Circumstances common to most prisoners, such as a deficient general education, lack of
16 knowledge of the law, mental illness and disability, do not in themselves establish exceptional
17 circumstances warranting appointment of voluntary civil counsel." *Jones v. Kuppinger*, No. 2:13-
18 CV-0451 WBS AC, 2015 WL 5522290, at *3 (E.D. Cal. Sept. 17, 2015). Thus, so long as a pro se
19 litigant, is able to "articulate his claims" in light of the relative complexity of the matter, the
20 "exceptional circumstances" which might require the appointment of counsel do not exist. *Palmer*,
21 560 F.3d at 970.

22 In the present case, the Court finds that Plaintiff has not met his burden of demonstrating the
23 requisite exceptional circumstances. Even assuming Plaintiff is not well versed in the law and he
24 has made serious allegations which, if proved, would entitle him to relief, his case is not complex.[1]
25 This Court is faced with similar cases almost daily. Finally, it is apparently from Plaintiff's request
26 for counsel that Plaintiff is capable of articulating his claims pro se—he just has not yet done so in
27 an operative complaint. For these reasons, Plaintiff's request for the appointment of counsel shall

---

[1] Plaintiff himself characterizes his claim as "simple." (*See* Doc. 14 at 1.)

be denied at this time, but he will be given another, final opportunity to file a second amended complaint that attempts to state a cognizable claim under section 1983. In preparing his amended complaint, the Court again directs Plaintiff to its January 9, 2019 screening order, which sets forth the clear legal standards by which the claims alleged in Plaintiff's second amended complaint will be evaluated.

### III. ORDER

For the foregoing reasons, it is HEREBY ORDERED that:

1. The OSC entered May 9, 2019 (Doc. 13) is DISCHARGED;
2. Plaintiff's request for the appointment of counsel (Doc. 14) is DENIED, without prejudice;
3. Plaintiff is granted leave ***one last and final time*** to file a second amended complaint;
4. Within thirty days (30) days from the date of service of this order, Plaintiff SHALL either file:
   a. a second amended complaint curing the deficiencies identified by the Court in its January 9, 2019 screening order, or
   b. a notice of voluntary dismissal of his case pursuant to Federal Rule of Civil Procedure 41(a);
5. The Court DIRECTS the Clerk of Court to send (a) a copy of this Order; (b) the Court's screening order (Doc. 8); and (c) an amended civil rights complaint form to Plaintiff at his address listed on the docket for this matter; and
6. **Failure by Plaintiff to comply with this order will result in a recommendation that this action be dismissed in its entirety pursuant to Federal Rule of Civil Procedure 41(b) and E.D. Cal. Local Rules 110 and 183(a).**

IT IS SO ORDERED.

Dated: **May 23, 2019**　　　　　　　　　　/s/ *Sheila K. Oberto*
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE