# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR JOHN GRAVES,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER FRANKS,<br><br>Defendant. | Case No. 1:18-cv-01274-DAD-SKO<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FAILURE TO STATE A CLAIM**<br><br>**(Doc. 15)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

On November 27, 2018, Plaintiff Arthur John Graves ("Plaintiff") filed a first amended complaint alleging claims against "Officer Franks" with the Fresno Police Department ("Defendant Franks") for excessive force and unlawful arrest pursuant to 42 U.S.C. § 1983. (Doc. 5.)

On January 9, 2019, the undersigned issued a screening order dismissing the amended complaint without prejudice and finding that the amended complaint failed to state any cognizable claims. (Doc. 8.) The Court found Plaintiff failed to allege a date or any temporal context for when Defendant Franks allegedly violated Plaintiff's rights, failed to complete the portion of the complaint form requiring Plaintiff to identify the specific constitutional right Defendant Franks allegedly violated, and was internally inconsistent. (*Id.* at 6–8.) The Court also found Plaintiff's unlawful arrest claim failed to allege "that he was taken into the custody of the CDCR at an institution or local detention facility" as a result of Defendant Franks' allegedly misleading statement, as required by the applicable authorities interpreting unlawful arrests in the context of a parole hold. (*Id.* at 8–10.) The Court granted Plaintiff thirty (30) days leave to file a second amended complaint curing the pleading deficiencies identified in the order. (*Id.* at 12.) Plaintiff did not file a second amended complaint within thirty days.

1        On February 19, 2019, the Court issued an Order to Show Cause ("OSC") "why a recommendation should not issue for this action to be dismissed for Plaintiff's failure to comply with the Court's January 9, 2019 screening order, by not filing an amended complaint within the specified period of time and for failure to state a cognizable claim." (Doc. 9.) The OSC advised Plaintiff that he could alternatively "file an amended complaint or a notice of voluntary dismissal" within that same time period, and cautioned Plaintiff that failure to respond to the OSC within twenty-one days of the date of service of the OSC, would result in a recommendation to the presiding district court judge that this action be dismissed, in its entirety. (*Id.* at 2.)

       On March 1, 2019, Plaintiff filed a notice of address change (Doc. 10), and the Court re-served the OSC on Plaintiff at his new address on March 6, 2019. On March 21, 2019, Plaintiff filed a response to the OSC stating that he "feel[s] the Federal Gov. is covering up for Fresno P.D." and requesting the Court "be more specific . . . on what part of my claim is not understandable." (Doc. 11.)

       On April 1, 2019, in view of Plaintiff's change of address and his response to the OSC, the Court discharged the OSC and provided Plaintiff with a copy of the January 9, 2019 screening order identifying the deficiencies in the amended complaint and the applicable legal standards. (Doc. 12.) The Court also granted Plaintiff thirty (30) days leave to file a second amended complaint curing the pleading deficiencies identified in the January 9, 2019 screening order. Plaintiff failed to file a second amended complaint by the deadline.

       The Court issued a second OSC on May 9, 2019, requiring Plaintiff to show cause "why a recommendation should not issue for this action to be dismissed for Plaintiff's failure to comply with the Court's April 1, 2019 order by not filing an amended complaint within the specified period of time and for failure to state a cognizable claim." (Doc. 13.) The second OSC again advised Plaintiff that he could alternatively "file an amended complaint or a notice of voluntary dismissal" within that same time period, and cautioned Plaintiff that failure to respond to the second OSC within twenty-one days of the date of service of the OSC, would result in a recommendation to the presiding district court judge that this action be dismissed, in its entirety. (*Id.* at 2.) On May 20, 2019, Plaintiff filed a document directed to the "Clerk of Court," stating that his "claim is simple"

and requesting appointment of a "Federal Defendant" to assist with his case due to his status as a "legally Disabled. Vet." (Doc. 14.)

On May 24, 2019, the Court discharged the OSC, denied Plaintiff's request for the appointment of counsel, and granted him thirty (30) days' leave "one last and final time" to file a second amended complaint curing the deficiencies identified by the Court in its screening order. (Doc. 15.) Plaintiff was cautioned that his failure to comply with the order would result in a recommendation that this action be dismissed in its entirety. (*See id.*) More than thirty days have passed, and Plaintiff has not yet filed any response.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. *See also* Local Rule 183(a). "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Based on Plaintiff's failure to comply with, or otherwise respond to, the May 24, 2019 order, there is no alternative but to dismiss the action for his failure to respond to/obey a court order, failure to prosecute, and failure to state a cognizable claim.

Accordingly, it is **HEREBY RECOMMENDED** that this action be dismissed, with prejudice, for Plaintiff's failure to obey a court order, failure to prosecute this action, and failure to state a cognizable claim.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). **Within twenty-**

**one (21) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Court DIRECTS the Clerk to send a copy of this Order to Plaintiff at his address listed on the docket for this matter.

IT IS SO ORDERED.

Dated: **July 1, 2019** /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE