1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ARTHUR JOHN GRAVES,                    No. 1:18-cv-001274-DAD-SKO

12              Plaintiff,

13        v.                                ORDER ADOPTING FINDINGS AND
                                            RECOMMENDATIONS
14   JOHN PRESTRIDGE, et al.,
                                            (Doc. No. 16)
15              Defendants.

16

17        Plaintiff Arthur John Graves ("plaintiff") is proceeding *pro se* and *in forma pauperis* in

18   this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States

19   Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20        Plaintiff was an inmate in the custody of Fresno County Jail in Fresno, California, when

21   he filed his original complaint with this court on September 17, 2018.  (Doc. No. 1.)  On March 1,

22   2019, plaintiff filed a notice of change of address listing his address as Napa State Hospital of the

23   California Department of State Hospitals ("DSH-Napa").  (Doc. No. 10.)  It is not clear to the

24   court where plaintiff is currently being confined.  The court served plaintiff by mail at the

25   DSH-Napa address of record on July 2, 2019, but that mail was returned to the court as

26   undeliverable, unable to forward, on July 22, 2019.  Plaintiff has not filed a second notice of

27   change of address, which was due by September 30, 2019.

28   /////

                                            1

On November 7, 2018, the assigned magistrate judge screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A and determined that it failed to state a cognizable claim upon which relief could be granted. (Doc. No. 4.) On November 27, 2018, plaintiff timely filed an amended complaint alleging claims against defendant "Officer Franks" of the Fresno Police Department for excessive use of force and carrying out an unlawful arrest. (Doc. No. 5.) On January 9, 2019, the assigned magistrate judge issued a screening order dismissing plaintiff's amended complaint, without prejudice, because plaintiff failed to state any cognizable claim. (Doc. No. 8.) Plaintiff was granted leave to file a second amended complaint within thirty (30) days after service of that order to attempt to cure the deficiencies identified by the assigned magistrate judge in the screening order. (*Id.* at 11–12.) Plaintiff was warned that his failure to file a second amended complaint in compliance with the screening order would result in a recommendation that this action be dismissed with prejudice for failure to state a claim and to obey a court order. (*Id*. at 12.) Plaintiff did not file a second amended complaint within the allotted time and still has not done so.

On February 19, 2019, the assigned magistrate judge issued an Order to Show Cause ("OSC") "why a recommendation should not issue for this action to be dismissed for Plaintiff's failure to comply with the court's January 9, 2019 screening order, by not filing an amended complaint within the specified period of time and for failure to state a cognizable claim." (Doc. 9.) The OSC advised plaintiff that he could alternatively "file an amended complaint or a notice of voluntary dismissal" within that same time period, and cautioned plaintiff that failure to respond to the OSC within twenty-one (21) days of the date of service of the OSC would result in a recommendation that this action be dismissed. (*Id.* at 2.)

On March 1, 2019, plaintiff filed a notice of change of address (Doc. No. 10), and the court re-served the OSC on plaintiff at his new address on March 6, 2019. On March 21, 2019, plaintiff filed a response to the OSC stating that he "feel[s] the Federal Gov. is covering up for Fresno P.D." and requesting the court "be more specific . . . on what part of my claim is not understandable." (Doc. No. 11.) On April 1, 2019, in view of plaintiff's change of address and his response to the OSC, the magistrate judge discharged the OSC and provided plaintiff with a

copy of the January 9, 2019 screening order identifying the deficiencies in the amended complaint and the applicable legal standards. (Doc. No. 12.) The court also granted plaintiff thirty (30) days leave to file a second amended complaint curing the pleading deficiencies identified in the January 9, 2019 screening order. (*Id*. at 2.) Plaintiff failed to file a second amended complaint by the deadline.

On May 9, 2019, the magistrate judge issued a second OSC requiring plaintiff to show cause "why a recommendation should not issue for this action to be dismissed for plaintiff's failure to comply with the court's April 1, 2019 order by not filing an amended complaint within the specified period of time and for failure to state a cognizable claim." (Doc. No. 13.) The second OSC again advised plaintiff that he could alternatively "file an amended complaint or a notice of voluntary dismissal" within that same time period, and cautioned plaintiff that failure to respond to the second OSC within twenty-one (21) days of its service would result in a recommendation that this action be dismissed. (*Id.* at 2.) On May 20, 2019, plaintiff filed a document directed to the "Clerk of Court," stating that his "claim is simple" and requesting appointment of a "Federal Defendant" to assist with his case due to his status as a "legally Disabled. Vet." (Doc. No. 14.) On May 24, 2019, the magistrate judge discharged the second OSC, denied plaintiff's request for the appointment of counsel, and granted him ("one last and final time") an additional thirty (30) days' leave to file a second amended complaint curing the deficiencies identified by the court in its screening order. (Doc. No. 15.) Plaintiff was cautioned that his failure to comply with the May 24, 2019 order would result in a recommendation that this action be dismissed. (*See id*. at 4.) Plaintiff again failed to file a second amended complaint.

Accordingly, on July 2, 2019, the magistrate judge issued findings and recommendations, recommending that this action be dismissed due to plaintiff's failure to obey the court's orders, prosecute this action, and state a cognizable claim. (Doc. No. 16.) Those findings and recommendations were mailed to plaintiff's address of record and contained notice that any objections thereto were to be filed within twenty-one (21) days. (*Id.*) On July 22, 2019, the service copy of the findings and recommendations were returned to the court as undeliverable, unable to forward. No objections to the pending findings and recommendations have been filed

with the court, and the time for doing so has expired.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly:

1. The findings and recommendations issued on July 2, 2019 (Doc. No. 16) are adopted in full;

2. This action is dismissed with prejudice due to plaintiff's failure to state a cognizable claim, failure to obey a court order, and failure to prosecute; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**December 3, 2019**__ _____
UNITED STATES DISTRICT JUDGE